STATE v. CLEVELAND COLON OWENS.

(Filed 22 November, 1967.)

**Automobiles § 129—**

In this prosecution for driving on a public highway while under the influence of intoxicating liquor, there was evidence that defendant, at the time of his arrest, had empty beer cans in his car, that his breath smelled of alcohol, and that the patrolman had to help defendant out of his car and into the patrol car. *Held:* Defendant may not complain of the failure of the court to instruct the jury that defendant should be acquitted if the jury should find that defendant was under the influence of anything other than an alcoholic beverage, notwithstanding defendant's testimony that on a trip terminating some two hours prior to the occasion in question he had taken a few pills to keep him awake.

APPEAL by defendant from *Armstrong, J.,* September 1967 Criminal Session of RANDOLPH.

Criminal prosecution on a warrant charging that defendant, on November 28, 1966, operated an automobile on N. C. Highway #22 in Randolph County, North Carolina, while under the influence of intoxicating liquor, a violation of G.S. 20-138. The case was tried *de novo* in the superior court after appeal by defendant from conviction and judgment in the Recorder's Court of Randolph County. The jury returned a verdict of guilty as charged. The court pronounced judgment imposing a sentence of "not less than twelve (12) months one day nor more than twenty-four (24) months" and suspended this sentence for two years upon conditions set forth in said judgment. Defendant excepted and appealed.

*Attorney General Bruton, Assistant Attorney General Melvin and Staff Attorney Costen for the State.*

*Walker, Bell & Ogburn for defendant appellant.*

PER CURIAM. Evidence offered by the State includes, *inter alia,* evidence tending to show the following: Defendant was operating a Pontiac car in Randolph County on N. C. Highway #22 about 10:00 or 10:30 p.m. on November 28, 1966, "with no lights on," at a speed of "about 20 miles an hour," from one side of the road to the other and "running clean off on both shoulders of the road, both left and right." After the State Highway Patrolman "turned on the blue light and siren," defendant "kept slowing down . . . and finally the car just choked and came to a stop in the highway." Thereupon, the State Highway Patrolman pulled his car in back of defendant and a police officer of the town of Ramseur, who had been driving behind the patrolman, pulled in front of defendant and

parked. Defendant explained "on numerous occasions," in response to inquiry as to why his lights were off, "that he had seen babies going up in the air in front of him, and that he cut his lights off so that he couldn't see them." The patrolman and police officer had to help defendant get out of his own car and into the patrol car. Defendant was unable to walk unassisted. There was a strong odor of alcohol on his breath and person. There were twelve or more cans of beer in defendant's car and two empty containers. In the opinion of the officers, defendant was under the influence of some intoxicant.

While there was other evidence tending to support the opinion of the officers, the foregoing is sufficient to show there was plenary evidence to support the verdict.

Defendant testified he had driven a tractor-trailer from New York to High Point, arriving in High Point about 8:30 p.m.; that between New York and High Point, at each of three stops, he "took a few pills, . . . the kind of pills that keep you awake"; that, after leaving the tractor-trailer at the terminal in High Point, he stopped at the VFW in Archdale for about thirty minutes and while there bought two cartons of beer; and that he did not know what he did after he left the VFW.

According to the patrolman, defendant stated on the occasion of his arrest that the last time he had taken tranquilizers, pills or medications of any kind was "(t)wo weeks ago." If pills were taken by defendant en route from New York to High Point, the evidence is silent as to the contents of such pills.

Defendant assigns as error the court's failure to charge, in accordance with defendant's request, "that should (the) jury find that defendant was under the influence of anything other than intoxicating beverage he should be acquitted or that verdict of not guilty be returned." This assignment is without merit. The court instructed the jury that, as a prerequisite to conviction, the State was required to satisfy the jury from the evidence beyond a reasonable doubt that defendant, while driving the car on a public highway, was *under the influence* of an intoxicant as correctly defined by the court. The court's charge, considered in its entirety, shows plainly that the word, intoxicant, as used in the phrase, "under the influence of an intoxicant," meant "any sort of intoxicating beverage, whether it be beer, wine, liquor, or vodka, or any other sort of intoxicating beverage."

Each of defendant's other assignments of error, which relate to rulings on evidence and excerpts from the charge, has been consid-

ered. None discloses prejudicial error or presents a question of sufficient substance to justify particular discussion thereof.

No error.